# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE WASSON,<br><br>Defendant. | Case No. CR-25-134-RAW |

## ORDER

The Defendant is charged in this case with one count of distribution of methamphetamine in violation of 21 United States Code, sections 841(a)(1) and 841(b)(1)(A). The Government has filed notices of intent to impeach the Defendant with three prior convictions pursuant to Federal Rule of Evidence 609 [Docket No. 28] and to admit evidence under Federal Rule of Evidence 404(b) [Docket No. 29].

In the Government's Rule 609 notice, it lists the following prior convictions:

(1) Endeavoring and conspiracy to produce and deliver a controlled substance, for which the Defendant was sentenced to ten (10) years incarceration on December 14, 2012 (Okmulgee County, CF-2012-289);

(2) Distribution of a controlled substance, for which the Defendant was sentenced to ten (10) years incarceration on February 21, 2014 (Okmulgee County, CF-2013-335); and

(3) Conspiracy to commit embezzlement, for which the Defendant was sentenced to two (2) years imprisonment with sentence being suspended (Texas County, CF-1996-245).

In its Rule 404(b) notice, the Government lists the same two prior drug trafficking convictions from Okmulgee County in 2012 and 2014.

Now before the court are the Defendant's Objection to the Government's notice of intent to impeach the Defendant with prior convictions pursuant to Rule 609 [Docket No. 33], the Defendant's Objection to the Government's notice of intent to admit evidence under Rule 404(b) [Docket No. 34], as well as the Government's response thereto [Docket No. 36].

The court first notes that the Government did not respond to the Defendant's arguments regarding the admissibility of the 1996 embezzlement conviction. Accordingly, that portion of the Defendant's Objection [Docket No. 33] is sustained. The embezzlement conviction will not be admitted.

### Rule 609 Notice

Rule 609 allows impeachment of a witness's character for truthfulness with evidence of a criminal conviction. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609 (a)(2). The Defendant's drug trafficking charges do not so require.

Otherwise, a defendant's crimes punishable by imprisonment of more than one year *must* be admitted if the probative value of the evidence outweighs its prejudicial effect to the defendant. Fed. R. Evid. 609 (a)(1)(B). If, however, more than ten years have passed since the conviction *or release from confinement for it, whichever is later*, the standard is more stringent— the evidence is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." Fed. R. Evid. 609 (b)(1) (emphasis added). The Government informs the court that the Defendant was released from confinement on the drug trafficking convictions in 2017, less than ten years ago. Thus, the less stringent standard applies.

"When the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.,* the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id*. (citing Fed. R. Evid. 609 Advisory Committee's Notes (1990 Amendments)).

"The well-settled rule in this circuit is that the permissible scope of cross examination under Rule 609 extends to the essential facts of the convictions, the nature of the crimes, and the punishment." *Id*. (citing *United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009). "The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id*. (quoting *Burston*, 159 F.3d at 1335). Ultimately, "the burden is on the government to establish the admissibility of the prior convictions." *United States v. Crittendon*, No. 23-CR-00078-GKF, 2023 WL 2967891, at *2 (N.D. Okla. Apr. 17, 2023) (collecting cases).

In determining whether to admit Rule 609 evidence, the court considers: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Smalls*, 752 F.3d at 1240 (citation omitted).

Applying the *Smalls* factors, the drug trafficking convictions are not probative on the issue of the Defendant's truthfulness. They may be, as the Government argues, probative on the

3

issue of his intent. The Government also argues that the convictions are close in proximity, as the Defendant was released from confinement 2017. Nevertheless, admission of the convictions would create a substantial risk of unfair prejudice given their similarity to the charge in this case and the possibility that the jury would infer that the Defendant has a propensity to distribute drugs. The Government argues that the Defendant's testimony and credibility are not central because the charged conduct is recorded on audio and video. The court is not convinced.

The Government has not shown that admission of the Defendant's prior drug trafficking convictions on cross-examination would be more probative than prejudicial. Accordingly, the Defendant's Objection is sustained.

### **Rule 404(b) Notice**

Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*.

The court considers four factors in weighing admissibility under Rule 404(b): "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208

(10th Cir. 2001)(citation omitted). If, in its discretion, the court finds that the evidence is offered for a proper purpose and is relevant, it may only be excluded under Rule 403. *Id*.

Applying the *Huddleston* factors, the court finds that the Defendant's prior drug trafficking convictions are offered for a proper purpose – to prove intent – and that they are relevant. Nevertheless, as the court held above, the admission of these convictions would create a substantial risk of unfair prejudice given their similarity to the charge in this case and the possibility that the jury would infer that the Defendant has a propensity to distribute drugs. Thus, the probative value of the evidence is not substantially outweighed by its prejudicial effect. Accordingly, the Defendant's Objection is sustained.

### Conclusion

As stated herein, the Defendant's Objection to the Government's notice of intent to impeach the Defendant with prior convictions pursuant to Rule 609 [Docket No. 33] and the Defendant's Objection to the Government's notice of intent to admit evidence under Rule 404(b) [Docket No. 34] are hereby sustained.

**IT IS SO ORDERED** this 5th day of November, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**